The defendant claims title to the same under the same will. The clause in question begins: "I devise and bequeath to my son-in-law, John Wilson, and my daughter, Polly Wilson, during their or either of their lives, and after their deaths to the heirs of the body of the said Polly Wilson, my large tavern in Fayetteville, lately occupied by James Baker, excepting, however, the room over the store, which is to belong to the store."
The storehouse and tavern adjoin each other. The cellar wall under the storehouse is the dividing line between the two buildings. In the rear of the buildings and between them and the creek there is a small piece of ground, being part of the lot on which they are erected. The plaintiff, claiming the ground immediately in the rear of the store, and from the store to the creek, erected a fence, running immediately from the cellar wall under the storehouse to the creek. The defendant pulled down the fence, which constitutes the trespass for which the action is brought. Both parties respectively occupy the buildings devised to them. (279)
The question arising from this record is whether the plaintiff is owner of the ground on which he erected the fence; for if he is not, no trespass has been committed by the defendant in pulling it *Page 216 
down. And we are of opinion that it was the intent of the testator to give the whole of the tenement to the defendant, except that part which is especially devised away to the plaintiff, or excepted from the devise to the defendant. Without adverting to the necessity of a curtilage to a tavern in a town, rather than to a store, and the utter inutility of a tavern without one, the exception made by the testator of the room over the store seems to mark his own conception of what he was doing. For why, in a devise of the tavern, should he make the exception, unless he believed that such precaution was necessary to prevent the whole from passing. The room over the store is to belong to the store; otherwise, the testator thought it was comprehended in the tenement, which he describes as his large tavern. We, therefore, think that the true construction of this will is that all except the store and the room over it were devised to the defendant, for whom there must be judgment.
LOWRIE, J., dissented.
(280)